UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARSHALL LACKEY II,

Plaintiff,

v.

CAUSE NO.: 3:18-CV-892-JD-MGG

INDIANA PAROLE BOARD, et al.,

Defendants.

OPINION AND ORDER

Marshall Lackey II, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Lackey alleges that an unknown officer arrested him at his residence for failing to report to his parole officer. Based on his conversation with this officer, Lackey realized that the unknown officer had been searching for him at an incorrect address. Later, at his parole revocation hearing, the parole board falsely

represented that the State court ordered him to report to his parole officer. The parole board revoked his parole based on the unknown officer's misrepresentations, resulting in a one-year term of incarceration. Lackey maintains that he did not violate the terms of his parole and seeks money damages.

Lackey's claim is essentially a challenge to the validity of his parole revocation and his one year-term of incarceration. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). This doctrine extends to claims that "would necessarily invalidate a confinement imposed by a legal process, such as a parole board hearing." *Brown v. Hackbarth*, 445 F. App'x 865, 867 (7th Cir. 2011); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Pickens v. Moore*, 806 F. Supp. 2d 1070, 1074 (N.D. Ill. 2011). Because a favorable ruling on Lackey's claim would necessarily imply that Lackey's incarceration is invalid, he cannot proceed on his claim for money damages.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. 2016); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on November 8, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT